IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 9, 2019

## ALMONDA DUCKWORTH v. STATE OF TENNESSEE

Appeal from the Circuit Court for Madison County
No. C-18-45  Roy B. Morgan, Jr., Judge

_____

No. W2018-00920-CCA-R3-PC

_____

The Petitioner, Almonda Duckworth, appeals the denial of his petition for post-conviction relief, arguing that he received ineffective assistance of counsel and his guilty pleas were unknowing and involuntary.  Following our review, we affirm the judgment of the post-conviction court denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Joseph T. Howell, Jackson, Tennessee (on appeal) and Jeremy B. Epperson (at trial), for the appellant, Almonda Duckworth.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

According to the Petitioner's testimony at the evidentiary hearing, he was charged in case number 16-338 in Madison County Circuit Court with attempted first degree murder, aggravated assault, especially aggravated robbery, and employing a firearm during the commission of a dangerous felony.[1]  On March 13, 2017, the Petitioner pled

---

[1]  Neither the indictment nor the plea agreement is included in the record before this court.

guilty in the Madison County Circuit Court to the lesser included offenses of attempted second degree murder in count one and aggravated robbery in count three. Pursuant to the terms of his negotiated plea agreement, he was sentenced to concurrent terms of twelve years at 30% for the attempted second degree murder conviction and twelve years at 85% for the aggravated robbery conviction, with the other two counts of the indictment dismissed.

On March 2, 2018, the Petitioner filed a pro se motion for post-conviction relief in which he raised a number of claims, including ineffective assistance of counsel and unknowing and involuntary guilty pleas. Among other things, the Petitioner alleged that his guilty pleas were unknowing and involuntary because his counsel erroneously informed him twelve years was the minimum sentence the trial court could impose for his convictions and failed to interview the alleged victim regarding his inconsistent statements.

Following the appointment of post-conviction counsel, an evidentiary hearing was held at which the Petitioner acknowledged that he informed the trial court during the plea colloquy that he was satisfied with trial counsel's representation, knew what he was doing in entering his pleas, and wanted the court to approve the plea agreement. He later testified, however, that he felt compelled to plead guilty due to his belief that trial counsel was unprepared to proceed to trial. He complained that trial counsel failed to file a motion to exclude the statement of the victim, who had provided inconsistent accounts to the police about who shot him. Trial counsel also failed to subpoena four police officers, who could have provided supplemental reports that the victim named someone other than the Petitioner as the shooter. In addition, trial counsel never told him that the minimum sentence he could have received as a first time offender for his convictions was eight years rather than the twelve years he received as part of his plea deal. The Petitioner testified that he was only twenty years old at the time he entered his pleas, had never before been through a jury trial or before a judge, and did not understand what he was doing.

On cross-examination, the Petitioner acknowledged that his trial counsel reviewed the plea agreement with him and that he read and signed it. He further acknowledged that he understood at the time of his guilty pleas what offenses he was pleading to and the sentences he would receive. He reiterated, however, that he was unhappy with trial counsel's representation and felt he had no other choice but to accept the plea deal because trial counsel "act[ed] like his intention was to lose" if they proceeded to trial. The Petitioner stated that he had complained about trial counsel a week before the guilty plea hearing, but the trial court took no action.

- 2 -

Trial counsel, a public defender, testified that he began his representation of the Petitioner in August 2016. He agreed that the case involved a drug deal "that went bad[,]" during which the drug dealer had been shot. During his investigation and preparation of the case he, among other things: obtained and reviewed with the Petitioner the videotaped interviews of the Petitioner, the victim, and a witness; discussed various defenses with the Petitioner, including the inconsistent statements of the witnesses; and informed the Petitioner of the charges and his potential sentences if convicted at trial. Trial counsel said that the Petitioner was initially uninterested in a plea bargain but ultimately decided to accept the final plea bargain offered by the State.

Trial counsel testified that the Petitioner requested that he make certain motions in limine and motions to suppress. He said he explained to the Petitioner that there was no factual or legal basis for the motions he wanted. However, had the case gone to trial, he was prepared to cross-examine the victim and other witnesses regarding their inconsistent statements. He said the Petitioner made the decision to plead guilty. Before the Petitioner entered his pleas, he went over with him the facts of the case, his constitutional rights, and the plea agreement. On cross-examination, trial counsel testified that he thought two factors in the Petitioner's decision to plead guilty were health issues his mother was experiencing and his risk of exposure to more time if convicted of the indicted offenses at trial.

At the conclusion of the hearing, the post-conviction court found that the Petitioner failed to meet his burden of demonstrating that he received ineffective of counsel or that his guilty pleas were unknowing, unintelligent or involuntary. On May 31, 2018, the court entered a detailed written order dismissing the petition. The Petitioner filed premature notices of appeal to this court on May 21 and May 23, 2018.

## ANALYSIS

The Petitioner argues that his guilty pleas were unknowing and involuntary due to his ignorance of the justice system and his trial counsel's deficient performance as evidenced by his "lack of attention to his defense[.]" The State argues that the post-conviction court properly denied relief on the basis that the Petitioner failed to meet his burden of demonstrating he received ineffective assistance of counsel or that his guilty pleas were not knowing, intelligent, and voluntary. We agree with the State.

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction

- 3 -

setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a post-conviction court's application of the law to the facts of the case is de novo, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed de novo, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he would not have pled guilty but would instead have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); House v. State, 44 S.W.3d 508, 516 (Tenn. 2001).

- 4 -

When analyzing a guilty plea, we look to the federal standard announced in Boykin v. Alabama, 395 U.S. 238 (1969), and the state standard set out in State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). In Boykin, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. Boykin, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in Mackey required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. Pettus, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904. Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

In denying the petition, the post-conviction court accredited the testimony of trial counsel about his investigation of the case, his discussions with the Petitioner about discovery and possible defenses, and the fact that he was prepared to proceed to trial if the Petitioner did not accept the plea agreement. The court also noted the Petitioner's own testimony that trial counsel advised him of the terms of the plea agreement, as well as the transcript of the plea colloquy in which the Petitioner assured the trial court that he understood his rights and the plea agreement and wished to enter his pleas. Accordingly, the post-conviction court found that the Petitioner failed to meet his burden of showing that he was denied effective assistance of counsel or that his pleas were not knowing, intelligent, and voluntary.

The record fully supports the findings and conclusions of the post-conviction court. Trial counsel's testimony, which was accredited by the post-conviction court, established that he was fully prepared for trial, that the decision to plead guilty was the Petitioner's, and that trial counsel explained the plea agreement to the Petitioner. The Petitioner himself admitted at the evidentiary hearing that he understood the offenses to which he was pleading and the sentences he would receive as part of the plea agreement.

Moreover, the transcript of the guilty plea hearing reveals that the trial court reviewed with the Petitioner the Petitioner's constitutional rights, the offenses to which the Petitioner would be pleading, and the specific sentences he would receive, including the release eligibility percentage associated with his aggravated robbery conviction. The Petitioner assured the trial court that he was satisfied with counsel's representation, understood the plea agreement, had no questions, and was freely and voluntarily making the decision to plead guilty without pressure or coercion.

## CONCLUSION

Based on our review, we conclude that the Petitioner has not met his burden of showing that trial counsel was ineffective or that his guilty plea was unknowing and involuntary. Accordingly, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE